IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZAMORA-ORDUNA REALTY GROUP, LLC, on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BBVA USA,<br><br>    Defendant. | Civil Action No. 5:20-CV-579 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1332(a), 1441, 1446, and 1453, Defendant BBVA USA ("BBVA") hereby removes the above-entitled action from the 37th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. BBVA expressly reserves all of its affirmative defenses, rights, and remedies.

In support of this notice, BBVA states as follows:

### I.     INTRODUCTION

1. This is a civil case over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2). It is a putative class action in which there are at least 100 proposed class members, there is diversity between at least one plaintiff and the defendant, and the amount in controversy exceeds $5 million, exclusive of interest and costs. *See id.* This action is removable by the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453(b), because U.S. District Courts have original jurisdiction over class actions meeting the above-listed requirements.

8883373.1

2. Assignment to this Court is proper because the civil action is being removed from the 37th District Court of Bexar County, Texas, which lies in the Western District of Texas. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## II.     PROCEDURAL HISTORY

3. On April 21, 2020, Plaintiff Zamora-Orduna Realty Group, LLC ("Plaintiff") filed a complaint for a putative class action in the 37th District Court of Bexar County, Texas, Case No. 2020-CI-07450, (the "Original Petition"), alleging BBVA allegedly failed to process Plaintiff's and putative class members' loans under the federal Paycheck Protection Program ("PPP"), which was created as part of the federal Coronavirus Aid, Relief, and Economic Security Act, also known as the CARES Act. Plaintiff asserted causes of action for (1) Fraud and Fraudulent Inducement; (2) Breach of Fiduciary Duty; (3) Breach of Contract; (4) Negligence; and (5) Violation of the Deceptive Trade Practices Act against one defendant, BBVA.

4. On May 4, 2020, the Summons and Original Petition were served on the duly authorized agent for service of process for BBVA. A true and correct copy of the Summons and Original Petition are attached to this Notice as Exhibit A. No further proceedings have been had in this action.

## III.     ORIGINAL JURISDICTION

5. Pursuant to 28 U.S.C. §§ 1332(d) and 1453(b), a district court has original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) there is diversity between at least one plaintiff and the defendant; and (iii) the amount in controversy exceeds $5 million, exclusive of interests and costs.

6. Jurisdiction under CAFA is determined at the time of removal. *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 808 (5th Cir. 2006); *Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 975 (W.D. Tex. 2008).

7. As set forth below, all such requirements are met in this case.

### A. The Putative Class Consists of at Least 100 Proposed Class Members.

8. To establish jurisdiction under CAFA, the first requirement is that the putative class must consist of at least 100 proposed members. *See* 28 § U.S.C. 1332(d).

9. As alleged in the Original Petition, Plaintiff seeks to represent a putative class of "[a]ll BBVA small business customers who utilized BBVA for assistance with and processing of their PPP loans administered by the SBA." Orig. Pet., ¶18.

10. Plaintiff alleges "[o]n information and belief, the proposed Class consists of hundreds of entities, the joinder of which in one action is impracticable. The precise number and identities of the Class Members are currently unknown to Plaintiffs but can easily be derived from Defendant's records." *Id.* at ¶ 19.

11. Because the putative class consists of at least 100 proposed class members as alleged in the Original Petition, the requirement of 28 § U.S.C. 1332(d)(5) is satisfied. *See, e.g.*, *Butler v. Denka Performance Elastomer, LLC*, No. CV 18-6685, 2019 WL 92659, at *3 (E.D. La. Jan. 3, 2019) (relying on plaintiff's allegation that there were "tens of thousands" of putative class members to provide a basis for jurisdiction under CAFA).

### B. Diversity Exists Between at Least One Plaintiff and the Defendant.

12. The second requirement to establish jurisdiction under CAFA is that diversity must exist between at least one Plaintiff and the Defendant (the so-called "minimum diversity" requirement). *See* 28 § U.S.C. 1332(d).

13. As alleged in the Original Petition, Plaintiff Zamora-Orduna Realty Group is a limited liability company organized under the laws of the State of Texas with its principal place of business in San Antonio, Bexar County, Texas. For purposes of diversity jurisdiction, a limited liability company is a citizen of each state where its members are citizens. *Harvey v. Grey Wolf*

*Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on information submitted to BBVA and publicly available documents accessible through the Texas Secretary of State, the members of Zamora-Orduna Realty Group are individuals and are residents and citizens of Texas. Therefore, Plaintiff is a citizen of Texas for diversity purposes.[1]

14. BBVA was at the time of filing of this action, and still is, headquartered in Alabama and chartered in Alabama and a citizen of Alabama for diversity purposes.

15. To establish "minimal diversity" pursuant to CAFA, "*any* member of a class of plaintiffs" must be the citizen of a different state from any defendant. 28 U.S.C. 1332(d)(2)(A) (emphasis added).

16. Plaintiff is a citizen of Texas. *See* Orig. Pet., ¶ 3. Based on the allegations in the Original Petition, the putative class consists of "hundreds of entities." *Id.* at ¶ 18. This class definition encompasses persons and entities with citizenship of states other than Texas or Alabama. Specifically, BBVA has operations in at least seven states where putative class members submitted PPP loans applications, including Arizona, California, Colorado, Florida and New Mexico, and some of those applicants were citizens of each of those states.[2]

17. Therefore, minimal diversity under CAFA is satisfied because at least one member of Plaintiff's proposed class is a citizen of a state different from BBVA. *See* 28 § U.S.C. 1332(d)(2).

---

[1] A removing defendant is only required to plead a "short and plain statement" showing the bases for removal and is not required to present evidence at this stage. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

[2] *See* BBVA, About, https://www.bbvausa.com/our-story/our-company.html (last visited May 7, 2020).

### C. *The Amount in Controversy Exceeds $5 million.*

18. Finally, the third requirement to establish jurisdiction under CAFA is that the amount in controversy must exceed $5 million, exclusive of interests and costs. *See* 28 § U.S.C. 1332(d).

19. The Original Petition alleges that Plaintiff and class members seek to recover no less than $10 million in actual and consequential damages, exemplary damages, and treble damages. *See* Orig. Pet., ¶ 2; *see also Owens*, 574 U.S. at 84 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'") (citing 28 § U.S.C. 1446(c)(2)).

20. Although BBVA disputes Plaintiff's or the putative class members' entitlement to any remedy or damages in any amount, Plaintiff's allegations demonstrate that the amount in controversy for jurisdictional purposes exceeds the $5 million requirement.

### IV. TRADITIONAL DIVERSITY JURISDICTION ALSO EXISTS

21. In addition to jurisdiction under CAFA, this Court has subject matter jurisdiction under traditional diversity because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a). Removal is therefore also proper under 28 U.S.C. § 1441 based upon traditional diversity jurisdiction.

> a) As alleged above, there is complete diversity between the named Plaintiff and the Defendant.
>
> b) Although the named Plaintiff makes no express allegation of the amount demanded for itself, it alleges recovery of compensatory damages, exemplary damages, treble damages and attorney fees (among other things). Plaintiff is demanding damages because it did not receive the PPP loan, which, under the PPP program is forgivable. 15 U.S.C. § 9005. The amount of Plaintiff's loan application, trebled (pursuant to the alleged claim under the Texas Deceptive Trade Practices Act) would exceed $75,000.[3] In

---

[3] BBVA stands ready to file supporting evidence under seal, if necessary and requested, to support this statement.

8883373.1

addition, the alleged attorney fees would add even more to the amount in controversy. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (including "attorney fees, penalties, statutory damages and punitive damages" in the amount in controversy calculation). Therefore, the amount in controversy for the named plaintiff easily exceeds the sum of $75,000, exclusive of interest and costs. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

## V. COMPLIANCE WITH 28 U.S.C. § 1446

22. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the docket sheet and pleadings, process, orders and other filings filed in the state court action are being filed with this Notice of Removal, as Exhibit B.

23. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of service on BBVA of the pleadings setting forth the claim for relief upon which the state court action is based.

24. In accordance with 28 U.S.C. § 1446(d), BBVA will promptly provide written notice of the removal of the state court action to Plaintiff and will file a notice of filing of removal with the 37th District Court of Bexar County, Texas.

## VI. JURY DEMAND

24. Plaintiff requested a trial by jury in the state court action on April 22, 2020.

## VII. PRAYER

WHEREFORE, BBVA USA respectfully requests that this Court take notice that the action referred to above is removed from the 37th District Court of Bexar County, Texas to this Court, and for all other relief to which it is entitled.

DATED: May 11, 2020

Respectfully submitted,

**DAVIS & SANTOS, P.C.**

By: */s/ Sarah Santos*

6
8883373.1

Sarah Santos
**Attorney-in-Charge for Defendant**
State Bar No. 24040955
E-mail: ssantos@dslawpc.com
Jason Davis
State Bar No. 00793592
E-mail: jdavis@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Telephone: (210) 853-5882
Facsimile: (210) 200-8395

*Attorneys for BBVA USA*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the interested parties listed below in accordance with the Texas Rules of Civil Procedure via the method indicated below on May 11, 2020.

| | | |
|---|---|---|
| Alfonso Kennard, Jr | _____ | U.S. Mail |
| Kevin T. Kennedy | __X__ | CMRRR |
| KENNARD LAW P.C. | _____ | Facsimile |
| 2603 Augusta Drive, Suite 1450 | __X__ | E-mail |
| Houston, Texas 77057 | _____ | E-file |

*/s/ Sarah Santos*
Sarah Santos