# Exhibit A



**Service of Process Transmittal**
05/04/2020
CT Log Number 537623506

**TO:** MICHAEL CLEMMER, ESQ
Compass Bank
15 South 20th Street, Suite 1801
Birmingham, AL 35233

**RE:** **Process Served in Texas**

**FOR:** BBVA USA  (Domestic State: AL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ZAMORA-ORDUNA REALTY GROUP, LLC, On behalf of itself and all others similarly situated, Pltf. vs. BBVA USA, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CI07450 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/04/2020 postmarked on 04/30/2020 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/04/2020, Expected Purge Date: 05/09/2020<br><br>Image SOP<br><br>Email Notification,  MICHAEL CLEMMER, ESQ  legaldept.us@bbva.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / AZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

RETURN SERVICE REQUESTED



7019 1120 0001 3176 4939

BBVA USA
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET 900
DALLAS, TX 75201-3140

2020CI02450 4/29/2020 CITCM LAURA CASTILLO



ZIP 78204 $ 007.80
02 4W
0000350931 APR 30 2020

CERTIFIED MAIL #70191120000131764939

Case Number: 2020-CI-07450          2020CI07450 S00001

ZAMORA-ORDUNA REALTY GROUP LLC

vs.

BBVA USA

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

**"THE STATE OF TEXAS"**
DIRECTED TO:   BBVA USA

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET 900
DALLAS TX 75201-3140

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION  was filed on the 21st day of April, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH  DAY OF April  A.D., 2020.

ALFONSO KENNARD JR
ATTORNEY FOR PLAINTIFF
2603 AUGUSTA DR 1450
HOUSTON, TX 77057-6145



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

---

ZAMORA-ORDUNA REALTY GROUP LLC
vs
BBVA USA

Officer's Return

Case Number: 2020-CI-07450
Court: 37th Judicial District Court

Came to hand on the 29th day of April 2020, A.D., at  9:17 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by delivering to: _____  at 1999 BRYAN STREET 900 DALLAS TX 75201-3140 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

Mary Angie Garcia
Clerk of the District Courts
of Bexar County, TX

By: *Laura Castillo*, Deputy

ORIGINAL (DK003)

FILED
4/21/2020 12:15 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin



Cause No. **2020CI07450**

| | | |
|---|---|---|
| ZAMORA-ORDUNA REALTY GROUP, LLC On behalf of itself and all others similarly situated | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | BEXAR COUNTY, TEXAS |
| BBVA USA | § § | |
| Defendant. | § § | 37th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiff Zamora-Orduna Realty Group, LLC ("Zamora-Orduna") on behalf of itself and all others similarly situated, files this Original Petition, complaining of Defendant BBVA USA ("BBVA"). In support, Zamora-Orduna states the following:

### I.
### NATURE OF THE CASE

1. This is a class action against Defendant BBVA for deceiving and defrauding small business owners in connection with the Paycheck Protection Program ("PPP") administered by the Small Business Administration ("SBA"). Defendant made misrepresentations to many small business owners that they would assist them with their PPP loan applications and submit them for approval. Unbeknownst to Class Members, Defendant chose to prioritize select customers and "bigger businesses" for approval to the detriment of Class Members. Defendant knowingly and negligently chose to accept federal money to process PPP loans while knowing it would not do so or did not have sufficient infrastructure in place to handle the applications submitted, to the detriment of Plaintiff and Class Members.

2. Plaintiff, on behalf of itself and Class Members, assert causes of action for fraud, fraud in the inducement, breach of fiduciary duty, breach of contract, negligence, and violations of the Deceptive Trade Practices Act, and seek to recover actual and consequential damages of no less than $10,000,000, exemplary damages, treble damages, attorneys' fees and costs.

## II.
## PARTIES AND PROCESS

3. Plaintiff Zamora-Orduna is a limited liability company organized under the laws of the State of Texas with its principal place of business in San Antonio, Bexar County, Texas.

4. Defendant BBVA is a corporation organized under the laws of the State of Alabama and conducts business in San Antonio, Bexar County, Texas. BBVA may be served with process by serving its registered agent CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over the parties and subject matter in this suit. The amount in controversy is within the jurisdictional limits of the Court.

6. Venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code Section 15.002(a)(1) because it is the county in which a substantial part of the events or omissions giving rise to the claims herein occurred.

## IV.
## DISCOVERY CONROL PLAN

7. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

## V.
## FACTS

8. Plaintiff is a small business incorporated as a limited liability company Corporation in the State of Texas.

9. Plaintiff, on or about March 30 through April 3, 2020, inquired about the PPP program administered by the SBA.

10. Plaintiff was told the business was eligible to apply through Defendant BBVA, because an existing relationship existed.

11. Plaintiff applied for funding for the PPP through BBVA on April 3, 2020—the very first day that applications were being "accepted." The loans were supposed to be given on a first-come-first-serve basis.

12. All documents were submitted by Plaintiff via Defendant's website.

13. During the weeks following April 3, 2020, Plaintiff attempted to secure more information regarding the process and status of application. Plaintiff was informed that Defendant could not even locate its application, much less provide any information about the status.

14. Plaintiff later found out that funds were depleted. BBVA never provided any information regarding the status of the loan processing.

15. Plaintiff did not apply for the loan with any other bank based on BBVA's representation that the loan would be properly processed and submitted to the SBA.

16. Defendant never processed or properly submitted Plaintiff's loan application, despite being submitted on or about April 3, 2020.

17. BBVA never processed or properly submitted to the SBA the loan applications of many other small businesses that were provided to BBVA on or about April 3, 2020. Instead, BBVA

selected among its bigger "small businesses" to prioritize and process their loans to the detriment of its other small business customers.

## VI.
## CLASS ACTION ALLEGATIONS

18. Pursuant to TEX. R. CIV. P. 42, Plaintiff brings this action as a class action on behalf of itself and all members of the following Class of similarly situated persons and entities:

> All BBVA small business customers who utilized BBVA for assistance with and processing of their PPP loans administered by the SBA.

Excluded from the Class are (i) BBVA senior executives and their immediate family members, and (ii) the Court, Court personnel, and their immediate family members.

19. On information and belief, the proposed Class consists of hundreds of entities, the joinder of which in one action is impracticable. The precise number and identities of the Class Members are currently unknown to Plaintiff but can easily be derived from Defendant's records.

20. Defendant violated the rights and interests of each Class Member in the same manner by their above-described uniform wrongful actions—to wit, wrongfully and knowingly misrepresenting to Plaintiff and Class Members that they could and would process their PPP loans in a timely, fair and impartial fashion and/or misrepresenting their ability to provide PPP loan services to Class Members.

21. Common questions of law and fact predominate over any questions affecting individual Class Members including, *inter alia*:

   (i)   whether Defendant's above-described wrongful actions constitute fraud;

   (ii)  whether Defendant's above-described wrongful actions constitute fraudulent inducement;

   (iii) whether Defendant's above-described wrongful actions constitute

4

breach of fiduciary duty;

(iv) whether Defendant's above-described wrongful actions constitute breach of contract;

(v) whether Defendant's above-described wrongful actions constitute breach of an implied contract;

(vi) whether Defendant's above-described wrongful actions constitute negligence;

(vii) whether Defendant's above-described wrongful actions constitute breach of the Texas Deceptive Trade Practices-Consumer Protection Act;

(viii) whether Defendant's above-described wrongful actions directly or proximately caused Plaintiffs and Class Members to suffer damages; and

(ix) whether Plaintiffs and Class Members are entitled to recover actual damages, consequential damages, punitive damages, treble damages, pre- and post- judgment interest, attorneys' fees, litigation expenses, and court costs and, if so, the amount of the recovery.

22. Plaintiff's claims are typical of Class Members' claims because Plaintiff and Class Members are all victims of Defendant's above-described wrongful actions.

23. Plaintiff and its counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, those of any of the Class Members. Plaintiff's counsel is experienced in leading and prosecuting class actions and complex commercial litigation.

24. A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and Class Members' claims. Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's above-described wrongful actions. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it would be virtually impossible for all

Class Members to intervene as parties in this action, (iii) it will allow numerous persons with claims too small to adjudicate on an individual basis because of prohibitive litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the claims process once Defendant's liability is adjudicated.

25. Certification, therefore, is appropriate under TEX. R. CIV. P. 42(b)(3) because the above-described common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. Absent a class action, Defendant will retain the benefits of its wrongdoing despite violating the law and inflicting substantial damages on Plaintiff and Class Members.

## VII.
## CAUSES OF ACTION

### Count One – Fraud and Fraudulent Inducement

27. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

28. Defendant led Plaintiff and Class Members to believe they had the capability to help them, when they could not. Defendant knowingly made false representations to Plaintiff and Class Members as to material facts. Defendant knew at the onset that they could not handle or process the PPP loans on Plaintiff's and Class Members' behalf.

29. Defendant failed to represent the interests of Plaintiff and Class Members. Defendant led Plaintiff and Class Members to believe it had the capability to help them, when it could not. Plaintiff and Class Members could have explored their options elsewhere, but for representations

6

from Defendant. Plaintiff and Class Members did not—only to find out later that they would not receive funding and their loans were never actually processed.

30. Defendant also engaged in fraud by selectively excluding Plaintiff and Class Members from the application process. Defendant chose select customers among "bigger businesses" and processed those applications over those of Plaintiff and Class Members. BBVA and its agents had no intention or ability it seems to help smaller businesses—despite representing they would and could. This clearly proved to be a false assertion—a false assertion Defendant knew from the onset.

31. As a result of relying on Defendant's representations, Plaintiff and Class Members have been damaged in an amount within the jurisdictional limits of the Court.

**Count Two – Breach of Fiduciary Duty**

32. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

33. Defendant had a fiduciary relationship with Plaintiff and Class Members as its banking customers—owing Plaintiff and Class Members advice and proper representations. Defendant failed to do so.

34. Defendant breached its fiduciary duty by making false representations of fact and by intentionally failing to process Plaintiff's and Class Members' applications. Defendant chose favorites and "bigger businesses" to receive funding and *actually* process their applications—to the detriment of Plaintiff and Class Members.

35. Defendant failed to adequately and properly submit Plaintiff's and Class Members' applications, without notifying Plaintiff and Class Members of its intention not to do so and/or failed to inform Plaintiff and Class Members of their inability to process their applications.

36. As a result of Defendant's breaches of its fiduciary duties, Plaintiff and Class Members have been damaged in an amount within the jurisdictional limits of the Court.

**Count Three – Breach of Contract**

37. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

38. Plaintiff and Class Members entered into valid, enforceable agreements with BBVA for Plaintiff and Class Members to submit their applications to BBVA and for BBVA to process and submit Plaintiff's and Class Members' applications. Plaintiff and Class Members are in privity with BBVA as parties to valid, enforceable contracts or implied contracts. Plaintiff and Class Members have standing to sue BBVA for breach of those agreements.

39. Despite Plaintiff and Class Members fulfilling their obligations under the agreements, BBVA breached the agreements when it failed to process and submit Plaintiff's and Class Members applications after agreeing to do so. Indeed, Plaintiff was told by McMahan that BBVA would process its loan application before the loan process even began. Defendant did not.

40. As a result of BBVA's breach, Plaintiff and Class Members have been injured. Plaintiff's and Class Members damages are within the jurisdictional limits of the Court.

**Count Four – Negligence**

41. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

42. In the alternative, BBVA was negligent in affirmatively stating that it could properly handle the loan process—that the federal government is paying them to do with taxpayer dollars—and just couldn't do it for Plaintiff and Class Members.

43. Defendant owed a duty of care to Plaintiff and Class Members but breached that duty and made negligent misrepresentations.

44. Defendant's breaches of their duties owed to Plaintiff and Class Members proximately caused their damages, which are within the jurisdictional limits of the Court.

**Count Five – Violation of the Deceptive Trade Practices Act**

45. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

46. Plaintiff and Class Members were consumers as defined in the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), embodied in the Texas Business & Commerce Code §17.46 *et seq*. Defendant are persons who can be sued for DTPA violations.

47. Defendant knowingly and/or intentionally committed false, misleading, and deceptive acts and, in doing so, violated provisions of the DTPA. In promising to (1) assist Plaintiff and Class Members in the PPP loan application process, and (2) timely process and submit Plaintiff's and Class Members' loan applications, but failing to do so as promised, Defendant knowingly and/or intentionally violated the DTPA in the following, but not so limited, ways:

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not;

- Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

9

- Failing to disclose information about goods or services that was known at the time of the transaction with the intent to induce the consumer into a transaction that that the consumer would not have entered into the information been disclosed. TEX. BUS. & COM. CODE §17.46.

48. Defendant did not provide the services as promised and engaged in an unconscionable course of action to defraud Plaintiff and Class Members.

49. Because Defendant acted knowingly and/ or intentionally, Plaintiff and Class Members are entitled to and seek to recover treble damages under the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.50 (b)(1).

## VIII.
## CONDITIONS PRECEDENT

50. All conditions precedent to Plaintiff's and Class Members' recovery and the claims made the subject of this suit have been performed or have occurred.

## IX.
## EXEMPLARY DAMAGES

51. Plaintiff and Class Members seek exemplary damages against Defendant pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Exemplary damages are justified by Defendant's malice and ill will demonstrated by their knowledge and assistance in the fraud committed against Plaintiff and Class Members.

## X.
## ATTORNEYS FEES

52. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

10

53. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Plaintiff and Class Members are entitled to recover reasonable attorney's fees and costs in the prosecution of this action.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Class Members respectfully pray that Defendant be cited to answer herein and that upon final trial of this case, the following relief be awarded:

1. Plaintiff and Class Members be granted judgment against Defendant in the amount of actual and other damages of no less than $10,000,000;

2. Plaintiff and Class Members be granted judgment against Defendant for exemplary damages in a sum determined by the trier of fact;

3. Plaintiff and Class Members be granted judgment against Defendant for treble damages as authorized by TEX. BUS. & COM. CODE §17.50 (b)(1) for knowing and/or intentional conduct;

4. Plaintiff and Class Members be granted judgment against Defendant in the amount of reasonable, necessary, and customary legal fees and expenses incurred in this lawsuit;

5. Plaintiff and Class Members be granted judgment against Defendant for pre-judgment interest as provided by §302.002 of the Texas Finance Code, and post-judgment interest on the total amount of the judgment until paid at the maximum rate allowed by law, which is the interest rate published by the Consumer Credit Commissioner;

6. Plaintiff and Class Members be granted judgment against Defendant for all costs of court; and Plaintiff be granted such other and further relief, special or general, legal or equitable, to which Plaintiff may show itself to be justly entitled to receive.

Respectfully submitted,

 kennard law P.C.

_____
Alfonso Kennard, Jr.

11

Texas Bar No. 24036888
Alfonso.Kennard@KennardLaw.com
Kevin T. Kennedy
Texas Bar. No. 24009053
Kevin.Kennedy@KennardLaw.com
2603 Augusta Drive, Suite 1450
Houston Texas 77057
713/742.0900 (Phone)
713/742.0951 (Fax)

**ATTORNEYS FOR PLAINTIFFS**